IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2024

## CARTER O'NEAL LOGISTICS ET AL v. EVANS PETREE, PC ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-3989-22     Valerie L. Smith, Judge**

_____

**No. W2024-00048-COA-T10B-CV**
_____

The Appellants seek accelerated interlocutory review of an order denying their motion to recuse. Because the filing fails to comply with Tennessee Supreme Court Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

JEFFREY USMAN, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Bruce S. Kramer and Bruce M. Smith, Memphis, Tennessee; and Worrick G. Robinson, IV, and Seamus T. Kelly, Nashville, Tennessee, for the appellants, Carter O'Neal Logistics, Inc., P&M Logistics, Inc., and Boris Penchion.

Richard Glassman, Lauran G. Stimac, and Brian Garrott, Memphis, Tennessee, for the appellees, Evans Petree, PC and Daniel T. Robinson, Jr.

## OPINION

### I.

Carter O'Neal Logistics, Inc., P&M Logistics, Inc., and Boris Penchion appeal the trial court's denial of their motion to recuse. The Appellants filed the motion to recuse in November 2023. While not entirely clear from the record, it appears that the trial court denied the motion to recuse shortly thereafter. However, the trial court's order denying the motion to recuse is not found in the record presented to this court.

Tennessee Supreme Court Rule 10B governs the procedure for determining whether a judge should preside over a case. If a trial court judge denies a request for disqualification or recusal, the Rule provides two methods for seeking review. Tenn. Sup. Ct. R. 10B § 2.01. The denial "can be raised as an issue in an appeal as of right . . . following the entry

of the trial court's judgment" under Tennessee Rule of Appellate Procedure 3 or the denial "can be appealed in an accelerated interlocutory appeal as of right" under section 2 of Rule 10B. *Id.*

Here, the Appellants seek accelerated review. To seek an accelerated appeal, "a petition for recusal appeal" must be filed. Tenn. Sup. Ct. R. 10B § 2.02. The petition must contain:

> (a) A statement of the issues presented for review;
> (b) A statement of the facts, setting forth the facts relevant to the issues presented for review;
> (c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and
> (d) A short conclusion, stating the precise relief sought.

Tenn. Sup. Ct. R. 10B § 2.03. Rule 10B also requires that specific documents be included with the petition:

> The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, *a copy of the trial court's order or opinion ruling on the motion*, and a copy of any other parts of the trial court record necessary for determination of the appeal.

*Id.* (emphasis added).

This court has observed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court." *Adams v. Brittenum*, No. W2023-00800-COA-T10B-CV, 2023 WL 3861820, at *1 (Tenn. Ct. App. June 6, 2023), *no perm. app. filed* (quoting *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015)). "Without such compliance, we cannot meet our obligation to decide the appeal 'on an expedited basis.'" *Id.* (quoting *Johnston*, 2015 WL 739606, at *2). Without a copy of the trial court's order, we cannot review the trial court's decision or analyze its reasoning. *See Judzewitsch v. Judzewitsch*, No. E2022-00475-COA-T10B-CV, 2022 WL 1279790, at *2 (Tenn. Ct. App. Apr. 29, 2022), *no perm. app. filed* (concluding that the failure to include a copy of the order prohibits this court from determining if the appeal was timely).

Here, while the petition is accompanied by the motion and various supporting documents, it does not include a copy of the trial court's order denying the motion. The appellants cite to and reference the Order Denying Plaintiffs' Motion to Recuse, even going

so far as to label it as Exhibit 6, but they have failed to provide this court with a copy of the order. Without a copy of this order, we are unable to review the trial court's decision regarding the motion to recuse.

Because the Appellants have not complied with Supreme Court Rule 10B by failing to include a copy of the order denying the motion to recuse, we dismiss the appeal. *See Adams*, 2023 WL 3861820, at *2 (dismissing Rule 10B appeal because it was accompanied by none of the required documents); *Blevins v. Green*, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256, at *2 (Tenn. Ct. App. Mar. 8, 2023), *no perm. app. filed* (dismissing appeal where "notice of accelerated appeal is not accompanied by any additional documents beyond the trial court's order and an envelope"); *Nisenbaum v. Nisenbaum*, No. M2021-01377-COA-T10B-CV, 2021 WL 5919114, at *1 (Tenn. Ct. App. Dec. 15, 2021) (dismissing appeal when petitioner "did not supply any of the required documents with her petition").

## II.

For the aforementioned reasons, we dismiss the appeal. Costs of this appeal are taxed to the Appellants, Carter O'Neal Logistics, Inc., P&M Logistics, Inc., and Boris Penchion, for which execution may issue if necessary. The case is remanded for such further proceedings as may be necessary and consistent with this opinion.

_____
JEFFREY USMAN, JUDGE